UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

BRIAN MCKEEVER,

                        Plaintiff,

        -against-

NASSAU UNIVERSITY MEDICAL CENTER,

                        Defendant.

----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  SEP 18 2018  ★

LONG ISLAND OFFICE

ORDER
17-CV-6355 (JFB)(GRB)

JOSEPH F. BIANCO, District Judge:

On November 1, 2017, *pro se* plaintiff Brian McKeever ("plaintiff") commenced this civil rights action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* against defendants Nassau University Medical Center[1] ("NUMC"), Lieutenant Phil Lent, and Mike Ferrandino. (Dkt. No. 1.) By Order dated November 7, 2017, the Court dismissed plaintiff's claims against defendants Lent and Ferrandino. (Dkt. No. 6.) On January 22, 2018, NUMC moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 14.) The Court referred NUMC's motion to Magistrate Judge Gary R. Brown for a Report and Recommendation on April 23, 2018. (Dkt. No. 17.)

Presently before the Court is Magistrate Judge Brown's Report and Recommendation (the "R&R," Dkt. No. 18), recommending that the Court grant NUMC's motion to dismiss, and that the Court dismiss plaintiff's complaint without prejudice and with leave to amend. A copy of the R&R was served on plaintiff on August 30, 2018. (*See* Dkt. No. 19.) The R&R instructed that any objections be submitted within fourteen (14) days of service of the R&R.

---

[1] Counsel for defendant Nassau University Medical Center asserts that plaintiff incorrectly sued Nassau University Medical Center, and that Nassau Health Care Corporation is the proper defendant in this action. (*See, e.g.,* Dkt. No. 14 at 1 n.1.)

(R&R at 7.) The deadline for filing objections has since passed, and no party has objected to the R&R.

Where there are no objections, the Court may adopt a report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no party has objected to the R&R, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the thorough and well-reasoned R&R in its entirety.

Accordingly, IT IS HEREBY ORDERED that NUMC's motion to dismiss (Dkt. No. 14) is granted, and that plaintiff's complaint is dismissed without prejudice. The Court grants plaintiff leave to submit an amended complaint to address the issue of the timeliness of his initial

2

complaint, as discussed in the R&R. Plaintiff's amended complaint must be submitted within forty-five (45) days from the date of this Order. The Court warns plaintiff that failure to submit an amended complaint will result in dismissal of the case with prejudice for failure to prosecute.

IT IS FURTHER ORDERED that counsel for NUMC shall serve a copy of this Order on plaintiff and file proof of service with the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*Joseph Bianco*

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 18, 2018
       Central Islip, New York